**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

KIM COBB,

    Plaintiff,                                                    Case No.:

v.

M.L.S. OF NAPLES, INC., NAPLES AREA
BOARD OF REALTORS AND ASSOCIATION
OF REAL ESTATE PROFESSIONALS, INC.;
and MARTIN MANION

    Defendants.

---

**COMPLAINT FOR VIOLATION OF THE FAIR LABOR STANDARDS ACT**

---

Plaintiff, KIM COBB, brings this lawsuit against the above captioned Defendants, M.L.S. OF NAPLES, INC., NAPLES AREA BOARD OF REALTORS AND ASSOCIATION OF REAL ESTATE PROFESSIONALS, INC. and MARTIN MANION, (collectively referred to as "Defendants") for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA") for failure to pay overtime compensation at a rate of 1.5 times her regular rate of pay for all hours worked over forty hours a week.

### *Introduction*

1. As explained herein, an employer violates the FLSA when it does not pay minimum wages or overtime compensation to any employee who is non-exempt.

2. Employees are either exempt or non-exempt and the key to determination of exempt status does not depend on employer's general characterization of job; what is important is what employee

actually does on day-to-day basis. *Ale v. Tennessee Valley Authority,* 269 F.3d 688, 691 (6th Cir. 2001).

3.   It is well settled that employees are *presumed* to be non-exempt; that is, that they are entitled to overtime at the rate of time and one half their regular hourly rate for hours worked after forty each week. *Ale v. Tennessee Valley Authority,* 269 F.3d 680, 683 (6th Cir. 2001).

4.   There is no exemption to the FLSA in this case, but to the extent one is asserted the Defendant "must establish it through clear and affirmative evidence that the employee meets every requirement of an exemption." *Ale v. Tennessee Valley Authority,* 269 F.3d 680, 683 (6th Cir. 2001).

5.   Plaintiff is, and at all times relevant, was treated and classified by Defendant as an exempt employee under the Fair Labor Standards Act.  However, her job duties were office, clerical, and non-exempt.  She regularly worked in excess of 40 hours per week and was not paid any overtime premium for the overtime hours worked.  She has suffered damages as a consequence.

### *The Parties*

6.   Plaintiff is a Florida resident who began working for Defendants within the meaning of the FLSA from approximately sometime in 2016 until April 2017.

7.   Defendant, M.L.S. of Naples, Inc. (hereinafter referred to as "MLS") is a Florida, for-profit corporation, with a principal address of 1455 Pine Ridge Road, Naples, Florida 34101.  M.L.S. of Naples, Inc. lists Defendant, Martin Manion, as its registered agent with an address for service as 1455 Pine Ridge Road, Naples Florida 34101.

8.   Defendant Naples Area Board of Realtors and Association of Real Estate Professionals, Inc. (herein after referred to as "NABR")is a not for profit Florida Corporation, with a principal

address of 1455 Pine Ridge Road, Naples, Florida 34101.  NABR lists Defendant, Martin Manion, as its registered agent with an address for service as 1455 Pine Ridge Road, Naples Florida 34101.

9.  Defendant, Martin Manion ("Manion"), is a Florida resident and an individual who conducts business in the state of Florida.  Manion is CEO of both corporate co-defendants, MLS and NABR, the highest ranking officer, and upon information and belief the sole or majority shareholder in both entities.

10. Manion is also the day to day manager of both MLS and NABR and the supervisor of the Plaintiff.

11. Manion set employee work schedules, rates of pay for all employees, including the Plaintiff and otherwise instructed the Plaintiff and the other employees as to their job duties and requirements and directed and supervised the work of Plaintiff.  Manion also created the unlawful pay practices complained of herein.

12. As an officer, manager, and, or owner of Defendants MLS and NABR, he is an employer within the meaning of the FLSA.  *See In re Van Diepen, P.A.*, 236 Fed. Appx. 498, 12 Wage & Hour Cas. 2d (BNA) 1358 (11th Cir. 2007) (allowing individual liability).

### *Jurisdiction*

13. The Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and § 1337 and 29 U.S.C. § 216(b) because this action involves a federal question under the Fair Labor Standards Act

14. This Court has personal jurisdiction over Defendants because the two are companies organized under the laws of Florida, and also operate business inside the State of Florida at the principal place of business.

15.  This Court has personal jurisdiction over the individual Defendant because Defendant is a Florida resident and/or is engaged in business within the State of Florida.

16. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b) because the acts complained of by Plaintiff occurred in the Middle District of Florida, specifically in Naples, Collier County, Florida, and Defendants are subject to personal jurisdiction within this District and division as it engaged in business therein.

### *Plaintiff's Job*

17. Plaintiff was an office worker, last working under the title of tech support.

18. Her job duties regularly consisted of communications by telephone and email with other realtors and performing non-exempt type job duties.

19. Plaintiff did not manage or supervise employees.

20. Plaintiff did not exercise discretion and independent judgment in any facet of her work. Plaintiff's primary job duty did not involve the exercise of independent discretion and judgment in matters of significance.

21. Plaintiff was not a programmer and none of her responsibilities fit within any computer professional exemption.

### *Dates of Employment*

22. Plaintiff began her employment with Defendants sometime in the year 2012.

23. Defendants' terminated Plaintiff's employment on or about April 11, 2017.

24. Plaintiff was last paid a salary of $39,000 and treated as an exempt employee.

25. Defendant did not maintain any accurate time records or time tracking system for the Plaintiffs' work hours.

26. At times, pursuant to Defendants' policy and procedure, Plaintiff hand delivered a time sheet every two weeks which, as per instructions, simply listed the same standardized number of 7.5 hours per day, regardless of the start times, end times or break times.

27. Plaintiff was lead to believe she was exempt from overtime wages since they treated her a salaried employee.

28. Thus, Plaintiff never sought to claim her overtime hours nor record them as Defendants lead her to believe she would not be paid for such hours.

29. It is well settled that employees are *presumed* to be non-exempt; that is, that they are entitled to overtime at the rate of time and one half their regular hourly rate for hours worked after 40 each week. *Ale v. Tennessee Valley Authority,* 269 F.3d 680, 683 (6th Cir. 2001).

30. If these records are unavailable or unreliable, Plaintiff may establish the hours she worked solely by her testimony, and the burden of overcoming such testimony shifts to the employer. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

31. Indeed, Section 211(c) of the FLSA requires employers to "make, keep and preserve records" of employees' "wages, hours, and other conditions and practices of employment." *Id.*; 29 C.F.R. § 516(1).   Although there is no private cause of action against an employer for noncompliance with recordkeeping obligations, improper recordkeeping practices may have a significant evidentiary impact in FLSA cases. Where an employer has not kept adequate records of wages and hours, employees generally may not be denied recovery of back wages on the ground that the precise extent of their uncompensated work cannot be proved. *Dole v. Alamo Foundation*, 915 F.2d 349, 351 (8th Cir. 1990).   Instead, the employees "are to be awarded compensation on the most accurate basis possible." *Id.* (citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946)).   The plaintiff may establish "a just and reasonable inference" as to the

uncompensated work performed. *Anderson*, 328 U.S. at 687-88. This can be done by a Plaintiff's own testimony as to their regular work habits. Once the Plaintiff has offered testimony or evidence of uncompensated labor, "the burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." *Id*

32. During Plaintiff's employment, Plaintiff routinely worked in excess of 40 hours in a week and she was never paid time and a half (1.5) for this work, nor any premium for the overtime work hours.

33. The Defendants are aware that the Plaintiff routinely worked more than forty (40) hours a week.

34. The time sheets Plaintiff completed thus are inaccurate and unreliable and as such, Plaintiff may establish the hours she worked solely by her testimony, and the burden of overcoming such testimony shifts to the employer. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

### *Defendants' Bad Faith in Stealing Wages*

35. Defendants' failure to pay overtime compensation was a knowing and willful violation of the FLSA.

36. Defendants *knew* they should be paying Plaintiff overtime wages, and have an accurate recording system, as Defendants employ hourly, non-exempt employees as well, willfully failed to do so.

37. Defendants *were aware* of the laws concerning overtime pay and the FLSA, and that they were subject to the FLSA overtime wage requirements.

38. Defendants also knew they should have a proper time tracking systems and that their paper time sheets were inaccurate and false records of times employees actually worked.

39. Defendants misrepresented to Plaintiff because she was a salaried employee she was not entitled to overtime wages.

40. Defendants did not check with counsel to determine whether their pay practices were in compliance with the Fair Labor Standards Act.

41. Defendants did not check with the Department of Labor to determine whether their pay practices were in compliance with the Fair Labor Standards Act.

42.  Accordingly, Plaintiff is entitled to recover all overtime pay due for the hours worked for which compensation was not paid, liquidated damages, and attorneys' fees under the FLSA's three-year statute of limitations.

43. Defendants have not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff.

### *Coverage under the FLSA*

44. Defendants qualify for and are subject to both traditional and enterprise coverage under the FLSA for all the relevant time periods contained in this Complaint.  Said differently, Defendants are subject to the FLSA.

45. During the times relevant to this Complaint, MLS and NABR employed more than 15 employees and had, upon information and belief, generated more than $500,000 in revenues for the past three years.

46. Plaintiff performed work for both MLS and NABR simultaneously, and Defendants never distinguished to Plaintiff which days, which work duties were for either company.

47. Said differently, both MLS and NABR are joint employers or co-employers of Plaintiff, and Defendant MANION operated both MLS and NABR as a single business enterprise, with shared offices, shared management and business policies and procedures for all employees to

follow and adhere to which never distinguished the work being performed as related to one company or the other.

48. Plaintiff was also paid by one entity for the work she performed for both entities.

49. At all relevant times, Defendants have been and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of FLSA 29 U.S.C. §§ 206(a) and 207(a).

50. The FLSA defines "employer" as any "person" acting directly or indirectly in the interest of an employer in relation to an employee. 29 U.S.C. § 203(d).   *See also Boucher v. Shaw*, 572 F.3d1087, 1090 (9th Cir. Nev. 2009) (the definition of "employer" under the Fair Labor Standards Act (FLSA) is not limited by the common law concept of "employer," but is to be given an expansive interpretation in order to effectuate the FLSA's broad remedial purposes).

51. Defendants employed Plaintiff as an employee within the meaning of the FLSA § 203.

## COUNT 1
## Overtime Due Under the FLSA
## 29 U.S.C. § 207
## (As to All Defendants)

52. Plaintiff re-alleges paragraphs 1-51 as if fully set forth in this Count.

53. Plaintiff brings this Complaint for violations of the FLSA to recover unpaid wages in violation of the overtime requirements, liquidated damages, interest, and reasonable attorneys' fees.

54. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA. Further, Defendants knew of all the hours Plaintiff worked.

55. As started herein, Plaintiff was entitled to overtime compensation at a rate no less than time and a half (1.5) his regular rate of pay for hours she worked beyond forty in any given workweek.

56. Plaintiff worked overtime routinely throughout the 3 years prior to her termination of employment, including working through lunches, and staying later than the schedule.

57. Defendants did not pay Plaintiff overtime compensation and lead her to believe she was ineligible for overtime wages.

58. Defendants' failure to pay Plaintiff overtime compensation at a rate not less than time and a half (1.5) times her regular rate of pay, or any overtime premium, for all hours worked over forty (40) in a given workweek is a willful violation of the FLSA, in particular, 29 U.S.C. § 207, and § 255(a)

59. Due to Defendants' FLSA violations, Plaintiff has suffered damages and is entitled to recover from Defendants the unpaid overtime compensation, and an additional amount equal as liquidated damages, prejudgment interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

## **PRAYER FOR RELIEF**

60. WHEREFORE, Plaintiff prays for the following relief:

   a. That the Court finds the Defendants in violation of the overtime compensation provisions of the FLSA and that the Court finds that Defendants' violation of the FLSA was and is willful;

   b. That the Court award Plaintiff overtime compensation for all the previous hours worked over forty (40) hours, in any given workweek the balance of the time and one half due and owing in compensation, AND liquidated damages of an equal amount; in addition to attorneys' fees and costs under § 216 of the FLSA; and

   c. An order awarding attorneys' fees and costs pursuant to § 216 of the FLSA;

Respectfully submitted this 31st day of August, 2017

> /s/ Mitchell L. Feldman, Esquire
> Mitchell L. Feldman, Esquire
> FBN:  0064015
> MITCHELL L. FELDMAN, ESQ., P.A.
> 6940 W. Linebaugh Ave, #101
> Tampa, Florida 33625
> T: 813 639-9366
> F: 813 639-9376
> E:  mlf@feldmanlegal.us